IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE:   JODY FISHER,

       Debtor.                                                         Chapter 13
                                                                                    Case No. 20-30745-KLP
_____

RAYMOND MILANO,

       Plaintiff,

v.                                                                                                   AP Case: 20-03039

JODY FISHER,

       Defendant.
_____/

**ORDER ON COMPLAINT OBJECTING TO**
**DISCHARGEABILITY OF DEBT**

Upon consideration of the Complaint Objecting to Dischargeability of Debt filed by the Plaintiff, Raymond Milano, by counsel, and it appearing to the Court that all interested parties have reached an agreement;

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Jody Fisher is the underlying debtor in this bankruptcy case by virtue of the filing of a voluntary petition under Chapter 13 of the Bankruptcy Code in this Court.

2. The matters raised in the Complaint are core proceedings pursuant to 28 U.S.C. § 157.

Jacqueline W. Critzer, VSB# 71569
Critzer Cardani PC
A Debt Relief Agency/Counsel for Plaintiff
12090 W. Broad Street Suite 200
Richmond, Virginia 23233
804) 793-8010 p
804) 767-3436 f
Jackie@cclawva.com

3. This Court has subject matter jurisdiction over these matters pursuant to 28 U.S.C. § 1334 and personal jurisdiction over all necessary parties pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

5. The parties desire to settle this matter with a compromise.

6. The parties agree that the debt owed by Jody Fisher to Raymond Milano is non-dischargeable in the amount of $40,500.

7. The terms and conditions of this settlement are as provided in the attached proposed order to be entered in Circuit Court for Spotsylvania County.

**IT IS FURTHER ORDERED** that the Clerk mail copies of this Order to all necessary parties.

ENTERED: Dec 30 2020

/s/ Keith L Phillips

Keith L. Phillips
United States Bankruptcy Judge

Entered On Docket: Dec 30 2020

We ask for this:

/s/ Jacqueline W. Critzer, Esq.
Jacqueline W. Critzer, VSB# 71569
Critzer Cardani PC
A Debt Relief Agency/Counsel for Plaintiff
12090 W. Broad Street Suite 200
Richmond, Virginia 23233
804) 793-8010 p
804) 767-3436 f
Jackie@cclawva.com

_/s/_Robert R Weed____
VSB24646
Attorney for Jody Fisher
13800 Coppermine Rd
Herndon VA 20171
703-335-7793
robertweed@robertweed.co

**CERTIFICATE OF SERVICE**

Pursuant to Local Bankruptcy Rule 9022-1(c)(2), I certify that a true copy of the foregoing Order was served upon all parties listed on the list below, representing all necessary parties in interest in this case on this 19th day of November by first class mail, postage prepaid and/or electronic mail.

/s/ Jacqueline W. Critzer, Esq.
Jacqueline W. Critzer

LIST OF PARTIES IN INTEREST TO RECEIVE A COPY OF THIS ORDER

(and list of parties served a copy of the proposed Order pursuant to Local Bankruptcy Rule 9022-1(c)(2).)

Office of U.S. Trustee
701 East Broad Street
Richmond, VA 23219

Jody Fisher
6908 Aspen Lane
Spotsylvania, Virginia 22551
*
*
Raymond Milano
1205 Holly Street
Fredericksburg, Virginia 22045
*
*
Robert Weed
13800 Coppermine Rd
Herndon VA 20171

V I R G I N I A :

    IN THE CIRCUIT COURT FOR THE COUNTY OF SPOTSYLVANIA

RAYMOND MILANO,

    Plaintiff,

                                    Case No:CL16000650-00

JODY MILANO,

    Defendant.

## FINAL ORDER

CAME the parties on February 5, 2020, by counsel, for a one-day civil jury trial on two counts, defamation and malicious prosecution.

At the conclusion of voir dire, a jury was seated without objection from either party. At the conclusion of the evidence and prior to submitting the case to the jury, Defendant moved to Strike the Evidence as to the count of defamation. Upon consideration of the evidence presented and the law, the Court GRANTS the Motion to Strike and the count of defamation is stricken and not to be considered by the jury.

The count of malicious prosecution was submitted to the jury on February 5, 2020 at the conclusion of argument by counsel and, after deliberating for several hours, the jury returned a verdict in favor of the Plaintiff in the amount of $75,000.00 in compensatory damages and $25,000.00 in punitive damages, for a total verdict of $100,000.00 in favor of the Plaintiff.

Prior to this Court entering an order consistent with the jury verdict, Defendant filed for protection under Chapter 13 of the bankruptcy code and invoked the automatic stay.

The parties have settled this matter in the bankruptcy court as follows:

Defendant Fisher does hereby Confess Judgment and otherwise agree to pay to Plaintiff Milano the sum of $40,500.00; payable over ten (10) years; the first 5 years at the rate of $275.00 per month and without accruing interest, the second 5 years at a rate of $464.00 per month at the prevailing judgment rate of 6% annually.  More specifically, Fisher agrees to pay and Milano agrees to accept the repayment of the debt according to the following terms:

For the first five years beginning September 1, 2020, or until Fisher's bankruptcy (case 20-30745) is discharged, Fisher will pay to Milano the sum of $275.00 per month.

For the second five years, or sooner if Fisher's bankruptcy (case 20-30745) is discharged sooner than the 5 years projected in her Chapter 13 plan, Fisher will pay to Milano $464.00 per month. If Fisher's Chapter 13 is discharged sooner than the anticipated 5 years and a larger balance is due at the time of discharge than anticipated by Fisher making monthly payments for life of her Chapter 13 plan, then the 6% annual interest rate will apply to the balance remaining at the time of Fisher's discharge in bankruptcy.

When Fisher's bankruptcy (case 20-30745) is closed by discharge; whether at the conclusion of the 5 year plan or sooner, interest will accrue on the balance at the expiration of the 5 years from the date of the filing of the Chapter 13 bankruptcy.  If Fisher's bankruptcy is dismissed for any reason, then the interest will begin to accrue on the then remaining balance at the time the case is dismissed at the judgment rate of 6% annually.

This Court reserves jurisdiction to enforce the judgment terms in the event the bankruptcy stay is lifted or the bankruptcy case is dismissed.

The Clerk shall forward a copy of this order to counsel upon entry.

Nothing further remaining to be done it is hereby stricken from the docket.

ENTER:

_____

JUDGE

I ASK FOR THIS:

_____

Michael P. Tittermary, Esquire VSB 79142
Tittermary Law, PLC
9097 Atlee Station Road, Suite 116
Mechanicsville, Virginia 23116
(804) 508-7300
(804) 508-7301 facsimile

_____

Jason M. Pelt, Esquire VSB
NORTON PELT, PLC
2052 Jefferson Davis Highway, Suite 201
Stafford, Virginia 22554
(540) 440-7007
Counsel for Defendant